

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENE RICHARD ORTIZ** | CIVIL ACTION |
| **VERSUS** | NO. 05-2689 |
| **VILLE PLATTE CITY JAIL, ET AL.** | SECTION "I"(3) |

REPORT AND RECOMMENDATION

Plaintiff, Gene Richard Ortiz, initiated the above-captioned lawsuit, pursuant to 42 U.S.C. § 1983, against the Ville Platte City Jail and Sgt. Plywood. In this lawsuit, plaintiff asserts that, while he was incarcerated at the Ville Platte City Jail, he was denied necessary medical treatment by Sgt. Plywood.[1]

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute. See <u>Jones v. Bales</u>, 58 F.R.D. 453, 458 (N.D. Ga. 1972), <u>aff'd</u>, 480 F. 2d 805 (5th Cir. 1973). The general venue statute provides in pertinent part as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[1] The undersigned has not ruled on plaintiff's pauper application. Consideration of the application is deferred to the receiving U.S. District Court.

28 U.S.C. § 1391(b). In the instant matter, plaintiff has sued no defendants residing within this judicial district; rather, all named defendants appear to reside within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). Moreover, the events or omissions giving rise to plaintiff's claims were performed by the officials in that same district.

The United States Code allows transfer of a case by a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. 28 U.S.C. § 1406(a). The interest of justice to all parties dictates that venue is proper in the Western District of Louisiana.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this thirtieth day of June, 2005.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE